**Leslie BEECHAM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 26, 1979.

Discretionary Review Denied March 25, 1980.

Frank W. Heft, Jr., Asst. Deputy Public Defender, Jefferson District Public Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, HOWERTON and WINTERSHEIMER, JJ.

HOWERTON, Judge.

Beecham appeals from a conviction for armed robbery and an eighteen-year sentence imposed by the Jefferson Circuit Court. He argues that the eyewitness identification of him was not sufficiently reliable to justify its admission into evidence. The robbery occurred on March 25, 1973. In February 1978, the victim identified Beecham as one of the robbers from a police photograph.

■ There is always a possibility of mistaken identity, but Beecham was well represented, and after all the arguments were made to belittle the identification, the twelve jurors agreed that he was guilty. Even though, or possibly because, identifications are based on senses and memory, the accuracy must be assessed by a jury. *Stephens v. Commonwealth*, Ky., 489 S.W.2d 249 (1972). There are nevertheless many safeguards in identification procedures, but Beecham would only be denied due process if the "photographic identification procedure was so impermissibly suggestive as to give rise to the very substantial likelihood of irreparable misidentification." *Simmons v. U. S.*, 390 U.S. 377 at 385, 88 S.Ct. 967 at 971, 19 L.Ed.2d 1247 (1967). For this to occur, however, the suggestiveness would be so flagrant that no one now or hereafter could believe the witness's identification of the accused. *Brown v. Commonwealth*, Ky.App., 564 S.W.2d 24 (1978).

■ The U. S. Supreme Court provided in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), that the "substantial likelihood of irreparable misidentification" contemplated in *Simmons, supra*, can be averted on the basis of a good evaluation of the following factors. They are: (1) the opportunity for the witness to observe his assailant, (2) his degree of attention, (3) the accuracy of the initial description, (4) the length of time between the offense and the identification, and (5) the level of certainty expressed by the witness.

The only weak point in this case is item (4), since there were five years between the offense and the photographic identification. Reliability must be the linchpin in determining the admissibility of identification testimony, but due process does not require the exclusion of pretrial identification evidence obtained by suggestive and unnecessary police identification procedures, so long as the identification is reliable under the totality of the circumstances. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).

■ In examining the totality of the circumstances surrounding the identification and the factors enumerated in *Neil v. Biggers, supra*, we note that the victim was working in a food store which was robbed by three men. He was shot by one of the men, and he identified Beecham as the man who put him in the meat cooler. He had ample time and reason to carefully observe each of them. A few hours after the incident occurred, he gave a detailed description of each assailant to a police officer. The descriptions included height, build, and appearance. The victim viewed several photographs on two previous occasions, but concluded that none of the pictures were of his robbers. When he finally saw Beecham's picture among some photographs, he accurately determined that two were of Beecham, although they were substantially different. The out-of-court and the in-court identifications were strong and convincing. When both identifications are considered reliable, evidence of the out-of-court identification is admissible to strengthen the in-court identification. *Colbert v. Commonwealth*, Ky., 306 S.W.2d 825 (1957).

■ The trial court held a suppression hearing to consider the propriety of the out-of-court and in-court identifications and concluded that the evidence was admissible. We cannot say that such was error or an abuse of discretion. The two-photograph identification was considered to be nonprejudicial. We neither approve nor recom-

mend the use of two photographs of the same individual by police in identification procedures, but we will not reverse this case on that basis in light of the totality of the circumstances.

For the foregoing reasons, the judgment of the trial court is affirmed.

All concur.