**Edwin Morris ADKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1982.

Discretionary Review Denied April 13, 1983.

Shawn Esposito, Bruce P. Hackett, Daniel T. Goyette, Asst. Public Defenders, Frank W. Heft, Jr., Jefferson Dist. Public Defender, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., Penny R. Warren, Asst. Atty. Gen., Frankfort, for appellee.

Before GUDGEL, HOWARD and LESTER, JJ.

GUDGEL, Judge:

Appellant Edwin Morris Adkins appeals from a Jefferson Circuit Court judgment which adjudged him guilty of the felony offense of Theft by Unlawful Taking and of being a Persistent Felony Offender in the first degree. Appellant contends that the trial court erred in five respects: (1) by refusing to order the Commonwealth to comply with the terms of a plea bargaining agreement, (2) by refusing to suppress identification evidence, (3) by refusing to grant his motion for a mistrial, (4) by refusing to give his tendered jury instructions, and (5) by refusing to grant his motion for a directed verdict on the PFO charge. We disagree with all of his contentions. Hence, we affirm.

On March 3, 1981, William Noblitt, the store manager of Stewart's Department Store in Dixie Manor, noticed appellant and another man talking while examining some long dresses. As Noblitt watched, the other man put four of the dresses over his shoulder, placed his pea-coat on top of them, and both men then walked rapidly to an exit. Noblitt followed them and attempted to stop them by placing a hand on each man's shoulder, whereupon appellant shoved him away. Noblitt then grabbed the man with the dresses, and appellant again shoved him. The two men then ran in opposite directions.

Noblitt gave a description of the men to the police and, after being shown a photo-pack of individuals, was able to pick out appellant as one of the individuals who participated in the theft. Appellant was arrested, indicted, and tried for the felony offenses of Theft by Unlawful Taking, KRS 514.030, Complicity, KRS 502.020, and Persistent Felony Offender in the first degree, KRS 532.080. The jury found appellant guilty of all but the complicity charge. This appeal followed.

■ First, appellant contends that the court erred by overruling his motion to compel the prosecution to abide by the terms of a plea bargain agreement. We disagree. Although appellant's attorney engaged in plea bargain negotiations with the Commonwealth's attorney, appellant was not present during the negotiations. When the case was called in district court, the Commonwealth's attorney who was present on that date refused to make any agreement and appellant was bound over to the grand jury.

Appellant argues, citing *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), *Workman v. Commonwealth,* Ky., 580 S.W.2d 206 (1979), and *Brock v. Sowders,* Ky., 610 S.W.2d 591 (1980), that the fundamental fairness guaranteed by the Fourteenth Amendment makes it reversible error for a trial court to permit the government to welsh on a bargain with an accused. We agree with appellant that this is the law in Kentucky. In the case at bar, however, no agreement was ever personally entered into between appellant and the Commonwealth. The cases cited by appellant require the Commonwealth to comply with the terms of an offer only if the accused has taken action detrimental to his own interests in reliance on the offer. Here, because appellant never personally accepted the Commonwealth's offer, it remained an offer and was revocable by the Commonwealth at any time. *Commonwealth v. Brown,* Ky., 619 S.W.2d 699 (1981). The trial court therefore did not err in denying appellant's motion to compel the Commonwealth to comply with the alleged agreement.

■ Next, appellant contends that the court erred by denying his motion to suppress Noblitt's testimony that he had identified appellant from a photographic line-up and his in-court identification of appellant based on that line-up. Appellant argues that the photographic line-up by which Noblitt identified him was impermissibly suggestive because the other individuals in the photo-pack shown Noblitt did not bear a sufficient physical resemblance to him. We disagree.

The admission of testimony that a witness has previously identified a defendant in a photographic line-up denies that defendant due process only if the photographic identification procedure is so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), *Beecham v. Commonwealth,* Ky.App., 594 S.W.2d 898 (1979). The Kentucky cases in which this standard has been applied indicate that a photograph identification procedure is impermissibly suggestive only when elements in the photographs other than minor variations in the physical features of the individuals pictured mislead witnesses in making their identifications, *e.g.* where the witness describes a criminal as wearing a hat, and the defendant is the only one wearing a hat, or where dates are written on the photographs, and the defendant's photograph is the only one with a date close to the time

when the crime of which he is accused occurred. *Brown v. Commonwealth,* Ky. App., 564 S.W.2d 24 (1978), *Jones v. Commonwealth,* Ky.App., 556 S.W.2d 918 (1977).

In the case at bar, the detective who prepared the photographic line-up did so on the basis of a description of appellant given him by Noblitt eight days after the theft occurred. The men in the photographs do not closely resemble one another, but all loosely fit the description Noblitt gave the detective. Nothing distinguishes one photograph from another except the differing facial features of the individuals photographed. Noblitt had an opportunity to observe appellant in good light and unhesitatingly selected his photograph from those shown to him. In a situation such as this, the accuracy of the witness's identification must be assessed by a jury, *Beecham, supra.* The photographic line-up was not made impermissibly suggestive merely because the individuals whose photographs appear in the line-up did not closely resemble each other. Because we have determined that the photographic line-up during which Noblitt identified appellant was not impermissibly suggestive, there is no need to determine whether the trial court erred in refusing to suppress Noblitt's in-court identification evidence.

■ Next, appellant contends that certain testimony was prejudicial because it gave the jury the impression that appellant had originally been charged with a more serious crime, and therefore the court should have granted his motion for a mistrial. We disagree. The testimony complained of occurred when the detective who investigated the theft testified that Noblitt had been "robbed". After appellant objected to this statement and moved for a mistrial, the detective explained that the crime "would have been ran (sic) as a Robbery II," but "through the court process" it had instead been processed as a Theft by Unlawful Taking.

Questions or testimony at trial can be so unduly prejudicial to a defendant as to require that a mistrial be granted. Ordinarily, however, these involve situations in which the prosecution has deliberately exposed the jury to extrinsic matters calculated to inflame the passions of the jury against the defendant, such as a reference to unrelated crimes committed by the defendant, *Romans v. Commonwealth,* Ky., 547 S.W.2d 128 (1977), *Pankey v. Commonwealth,* Ky., 485 S.W.2d 513 (1972), or inflammatory questions with no evidentiary basis. *Bowler v. Commonwealth,* Ky., 558 S.W.2d 169 (1977). In the case at bar, by contrast, the witness spontaneously misnamed the crime being tried as "robbery" rather than "theft by unlawful taking." The Commonwealth's attorney immediately asked the witness a question which enabled him to explain his mistake. It is highly unlikely that the jury was aware of the legal distinction between the two crimes, or indeed that they even noticed the detective's misstatement, before appellant's attorney's objection called it to their attention. In light of the record, we cannot say that the detective's inadvertent reference to the offense of robbery so substantially prejudiced the jury that the court abused its discretion in denying appellant's motion for a mistrial. *Alexander v. Commonwealth,* Ky., 463 S.W.2d 334 (1971).

■ Next, appellant contends that the trial court erred by refusing to give his tendered jury instruction on the lesser included offense of criminal facilitation. However, the trial court's duty to instruct on lesser included offenses arises only when the evidence would warrant a finding of guilt on the lesser included offense. *Martin v. Commonwealth,* Ky., 571 S.W.2d 613 (1978), *Trimble v. Commonwealth,* Ky., 447 S.W.2d 348 (1969). In the case at bar, there is no evidence which supports a finding that appellant was guilty of the crime of criminal facilitation.

A defendant is guilty of criminal facilitation when he knowingly provides another with the means or opportunity to commit a crime, KRS 506.080, by, for instance, loaning a car to another knowing that it will be used in a robbery. *See Luttrell v. Commonwealth,* Ky., 554 S.W.2d 75 (1977). Here, the jury could reasonably infer from Nob-

litt's description of appellant's behavior at the time of the theft that appellant had knowingly assisted his colleague in stealing the dresses, whereas there is no evidence to justify a finding that appellant merely provided an opportunity for the theft. Therefore, we hold that the trial court did not err in refusing to instruct the jury on the offense of criminal facilitation.

▮ Appellant further contends that the trial court erred by refusing to give his tendered instruction on the PFO charge. The instruction would have informed the jury that it could "disregard conclusively established proof of prior convictions and leave the punishment as previously fixed." Appellant argues that this instruction was proper because the jury may, at its discretion, choose not to impose an enhanced penalty even though it believes the evidence of prior felony convictions put on by the Commonwealth. This is a misstatement of the law. A jury is entitled to disbelieve *evidence* of prior convictions put on by the Commonwealth. *Lynch v. Commonwealth,* Ky., 472 S.W.2d 263 (1971), *Satterly v. Commonwealth,* Ky., 437 S.W.2d 929 (1968). However, once the jury is persuaded that the defendant has been convicted of two or more felonies, the language of KRS 532.080(1) is mandatory: the jury must fix a sentence within the ranges specified in the statute. Therefore, the trial court did not err in refusing to give appellant's tendered instruction on the PFO charge.

▮ Appellant's final contention is that the trial court erred by failing to direct a verdict in his favor on the PFO charge. The evidence presented to the jury during the PFO stage of the trial indicated that appellant was convicted of one count of Storehouse Breaking and one count of Carrying a Concealed Deadly Weapon on January 9, 1969. He was imprisoned on the first sentence but paroled on February 26, 1969. He was then convicted on two counts of Carrying a Concealed Deadly Weapon on May 10, 1973 and given a five year probated sentence. On November 1, 1974, he was convicted on a charge of Demanding a Thing of Value by Menace or Threat of Violence and sentenced to four years to be withheld for five years, with service of the sentence to begin after he had completed serving his previous sentences. The parole on his earlier sentences was revoked at the same time, and he was imprisoned from November 8, 1974 to March 8, 1978, when he was again paroled. The probationary period on his last conviction will not expire until March 8, 1983. The upshot of this rather complicated history of convictions and sentencing is that the evidence placed before the jury indicated that appellant had been continuously in prison or on probation or parole since 1969. Appellant contends that KRS 532.080(4), which provides that "two (2) or more convictions of crime for which that person served concurrent or uninterrupted consecutive terms of imprisonment shall be deemed to be only one conviction" requires that all of his convictions be treated as a single one for purposes of making the PFO determination since, with the inclusion of parole, all of his sentences ran consecutively. We disagree.

Appellant was convicted of felonies on three separate occasions. His sentences ran consecutively only because he persisted in committing new crimes before he completed serving earlier sentences. The concurrent/consecutive sentence break applies only to those who may have committed more than one crime but who have received their sentences for all of the crimes committed before serving any time in prison. *Williams v. Commonwealth,* Ky.App., 639 S.W.2d 788 (1982). Appellant was convicted of two felonies, served time in prison, and then was convicted of three more felonies. He therefore was not entitled to have all of those convictions treated as a single conviction for purposes of KRS 532.080(4). Thus, the trial court did not err in refusing to direct a verdict on the PFO charge.

The judgment is affirmed.

All concur.