**Tracey L. SHANKLIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee (Two Cases).**

Court of Appeals of Kentucky.

May 29, 1987.

Frank W. Heft, Jr., Chief Appellate Defender (Daniel T. Goyette, of counsel, Jefferson Dist. Public Defender), Louisville, for appellant.

David L. Armstrong, Atty. Gen., Connie V. Malone, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, COOPER and HAYES, JJ.

COMBS, Judge.

At the December 1985 term of the Jefferson County Grand Jury appellant and two codefendants were charged with three felonies. While awaiting trial on these charges, appellant and one Tony Lee Warf were indicted at the March 1986 term of the grand jury. Each was charged with having committed six felonies.

At arraignment appellant entered not guilty pleas to all counts in both indictments. The cases were then consolidated for disposition. On June 11, 1986, the Commonwealth made an "offer on a plea of guilty" in the first case. The recommendations contained in the offer are as follows:

Recommendations on a plea of guilty:
Count 1 - 3 years
Count 2 - 3 years
Count 3 - 3 years
All counts concurrent for 3 years consecutive w 86 CR 0505 for 10 years.
C/W recommends intensive probation on the condition of restitution.

At the same time the Commonwealth made an offer in the second case wherein they recommended the following:

Recommendations on a plea of guilty:
Count 1 - 7 years
Count 2 - 7 years
Count 3 - 7 years
Count 4 - 5 years
Count 5 - 5 years
Count 6 - 5 years
All counts concurrent for 7 years to run consecutive w 85 CR 2063

C/W recommends intensive probation on the condition of restitution to the victims.

D to give a truthful statement concerning these offenses and co-D's, Tony Lee Warf's involvement.

At the same time, and pursuant to the agreement, appellant changed his pleas to guilty. The court found that his guilty pleas had been voluntarily entered and accepted them. The court also noted the Commonwealth's written recommendations in both cases.

The court then inquired of the Assistant Commonwealth's Attorney as to his recommendations, and he responded:

> The Commonwealth would recommend that these run concurrently for a total of seven years as I previously stated, this seven years must run consecutively with the three years on 85CR2063 Again, our recommendation of intense supervised probation with a condition of restitution and that the Defendant give a truthful statement against his CO–Defendant in 86CR0505, Mr. Tony Lee Warf.

Thereafter and in accordance with the plea agreement appellant was sworn and interrogated by the Assistant Commonwealth Attorney concerning his involvement in all of the crimes charged in the indictment as well as the involvement of his codefendants. No question was ever raised as to the truthfulness of his testimony. Sentencing was withheld pending receipt of the presentence report and recommendation. At the next hearing counsel for appellant requested that sentence be imposed in accordance with the prior agreements. At that time the Assistant Commonwealth's Attorney stated:

> Judge, I would not object to Mr. Shanklin withdrawing his guilty plea because I think that it is wrong for me to welch on a deal. However, I do not have access to juvenile records and only when I saw the presentence investigation report, probation is inappropriate in his case.... I realize that I made a recommendation of probation, of strict probation and he shouldn't be given probation. If he wants to withdraw his guilty plea, I think

he should be allowed to because of my recommendation.

The court gave appellant the opportunity to withdraw his guilty pleas. He refused and insisted that the plea agreements be specifically performed by the Commonwealth.

In seeking reversal, appellant relies upon many cases, the most important of which are *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) and *Workman v. Commonwealth*, Ky., 580 S.W.2d 206 (1979), which stand for the proposition that the state is under an obligation to perform its plea bargain agreements. In vacating the judgment in *Santobello, supra*, the court said:

> ... that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration. 404 U.S. at 262–63, 92 S.Ct. at 498–99.

In a separate, concurring opinion, Justice Douglas said:

> Where the "plea bargain" is not kept by the prosecutor, the sentence must be vacated and the state court will decide in light of the circumstances of each case whether due process requires (a) that there be specific performance of the plea bargain or (b) that the defendant be given the option to go to trial on the original charges. One alternative may do justice in one case, and the other in a different case. *In choosing a remedy, however, a court ought to accord a defendant's preference considerable, if not controlling, weight inasmuch as the fundamental rights flouted by a prosecutor's breach of a plea bargain are those of the defendant, not of the State.* [Emphasis added.] *Id.* at 267, 92 S.Ct. at 501.

The Commonwealth contends that the appellant is not properly before this Court and that the proper procedure would have been under RCr 11.42. It is further contended that no error was committed when the court refused to order specific perform-

ance of the agreement following the Commonwealth's withdrawal of its recommendation for probation.

In opposing appellant's due process argument, the Commonwealth stated:

> It is undisputed that there was a breach of the Commonwealth's plea bargain agreement. However, the Commonwealth submits that withdrawal of Appellant's guilty plea was the appropriate remedy in this case. Because Appellant refused to withdraw his guilty plea when the trial court gave him the opportunity, he has waived that remedy and is now entitled to no relief.

■ We disagree with the Commonwealth's contentions and hold that the right of appeal guaranteed by § 115 of our Constitution is an appropriate procedure to follow in cases where the state attempts to repudiate a written agreement signed by the parties and performed by the defendant. We feel that this case is governed by the case of *Workman*. In that case, the late Justice Lukowsky said it best when he said:

> The question is not whether the Commonwealth's bargain was wise or foolish. The question is whether the Commonwealth should be permitted to break its word. [1] The standards of the market place do not and should not govern the relationship between the government and a citizen. "Our government is the potent, the omnipresent, teacher. For good or ill, it teaches the whole people by its example." If the government breaks its word, it breeds contempt for integrity and good faith. It destroys the confidence of citizens in the operation of their government and invites them to disregard their obligations. That way lies anarchy. We deal here with a "pledge of public faith—a promise made by state officials—and one that should not be lightly disregarded."

. . . .

■ "[N]o distinction can be taken between the government as prosecutor and the government as judge." When as

here, our historical ideals of fair play and substantial justice do not permit attorneys for the Commonwealth to disregard promises and fail to perform bargains, it does not permit the judge to allow such iniquities to succeed.

. . . .

> We are faced with a hard choice, but in the last analysis we find it less evil that a criminal should escape punishment than that the government should be allowed to welsh on its bargain. [Citations omitted.] 580 S.W.2d at 207.

In *Adkins v. Commonwealth*, Ky.App., 647 S.W.2d 502, 504 (1982), in discussing this question the court said:

> Appellant argues, citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), *Workman v. Commonwealth*, Ky., 580 S.W.2d 206 (1979), and *Brock v. Sowders*, Ky., 610 S.W.2d 591 (1980), that the fundamental fairness guaranteed by the Fourteenth Amendment makes it reversible error for a trial court to permit the government to welsh on a bargain with an accused. We agree with appellant that this is the law in Kentucky.

■ Here appellant did everything he had agreed to do. Justice and fair play, as well as the due process clause of the Constitution require the state to do likewise.

For these reasons, we reverse and remand the case with directions that the case be transferred to another judge of the Jefferson Circuit Court for the purpose of sentencing, and that the Commonwealth be held to its agreement to recommend intensive probation for the appellant.

All concur.