RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0877-MR

ALEX THOMPSON                                                     APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM TAYLOR CIRCUIT COURT<br>HONORABLE SAMUEL TODD SPALDING, JUDGE<br>ACTION NO. 21-CR-00237 |

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE: Alex Thompson ("Thompson") appeals from a Taylor Circuit Court judgment convicting him of two counts of first-degree sexual abuse and sentencing him to four years' imprisonment. After careful review, we affirm.

Thompson was indicted on five counts of first-degree sexual abuse involving three girls, A.T., C.B., and C.S. The charges relating to A.T. were later severed from those relating to C.B. and C.S. This appeal concerns only the two counts of first-degree sexual abuse relating to C.B. and C.S. Following a jury trial,

Thompson was convicted on both counts and sentenced to four years in prison. This appeal followed.

Thompson argues the trial court erred in admitting portions of a letter he sent to the trial court and allowing testimony that it was common for sexual abuse victims to delay disclosing their abuse. Both allegations of error are evidentiary issues, which we review for abuse of discretion. *Leach v. Commonwealth*, 571 S.W.3d 550, 553 (Ky. 2019) (citations omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

Concerning his first allegation of error, at trial the Commonwealth sought to introduce portions of a letter Thompson had written to the trial court. Thompson objected stating the Commonwealth had not properly authenticated the letter. The trial court overruled the objection and allowed the following portion of the letter to be read to the jury:

> The night my wife kids and I spent in Campbellsville I just don't believe that really happened. It couldn't have. I'm ashamed of this, but I was passed out, blackout drunk that night. I passed out in the middle of the floor. How was [C.B.] that close to me on the floor for me to even touch her sir?

On appeal, Thompson argues the trial court erred in admitting this portion of the letter because it was not properly authenticated. We disagree. KRE[1] 901(a) provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." "The burden on the proponent of authentication is slight; only a prima facie showing of authenticity is required." *Sanders v. Commonwealth*, 301 S.W.3d 497, 501 (Ky. 2010) (citation omitted). "The contents of the letter, taken in conjunction with the circumstances, can be relied upon in determining authentication." *Ordway v. Commonwealth*, 352 S.W.3d 584, 593 (Ky. 2011) (citing KRE 901(b)(4)).

In *Ordway*, the Kentucky Supreme Court affirmed a trial court's admission into evidence of a letter written by the defendant over his objection that it was not properly authenticated. The Court noted the letter was sent from the defendant and referenced specific facts of the case such as the charges, a seized gun and clothing, and a potential prison sentence. It concluded the letter was properly authenticated "[b]ased on the quantity of identifying facts contained in the letter[.]" *Ordway*, 352 S.W.3d at 593.

Similarly, here, the letter was addressed to the trial court and signed by Thompson. The letter includes specific details about his case, including the

---

[1] Kentucky Rules of Evidence.

victims' names and the locations of the alleged abuse, as well as the date of his arrest and his attorney's performance. These identifying facts were sufficient to authenticate the letter under KRE 901. We find no abuse of discretion.

Thompson next argues the trial court erred in allowing a detective to testify it was not uncommon for victims of sexual abuse to delay reporting their abuse. Thompson concedes this error is not preserved for review and requests palpable error review under RCr[2] 10.26. "A palpable error must be so grave in nature that if it were uncorrected, it would seriously affect the fairness of the proceedings." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006) (citation omitted). "[W]hat a palpable error analysis 'boils down to' is whether the reviewing court believes there is a 'substantial possibility' that the result in the case would have been different without the error." *Id.* (citation omitted).

At trial, the Commonwealth questioned Detective Nelson Bishop on redirect whether it was unusual for victims to delay disclosing crimes committed against them. Detective Bishop responded that it was not uncommon. Thompson argues admission of this testimony was error, citing *Ordway v. Commonwealth*, 391 S.W.3d 762, 776 (Ky. 2013) and *Hellstrom v. Commonwealth*, 825 S.W.2d 612 (Ky. 1992). Of the two, we believe *Hellstrom* is more applicable to the facts of this case.

---

[2] Kentucky Rules of Criminal Procedure.

In *Hellstrom*, our Supreme Court reversed a conviction based upon testimony that "'delayed disclosure' is common in these kinds of cases." *Id.* at 613. More recently, in *King v. Commonwealth*, 472 S.W.3d 523, 527 (Ky. 2015), the Court held testimony that a sexual abuse victim's five-year delay in reporting his abuse was not unusual because, in her experience, it was "very rare" for children to immediately report abuse. Citing *Hellstrom* and other cases, the Court held the admission of the statement, while obvious error, was not palpable error.

Assuming the admission of Detective Bishop's testimony was error, we cannot say the error created the "probability of a different result or . . . [was] so fundamental as to threaten a defendant's entitlement to due process of law." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006), *as modified* (May 23, 2006). Although circumstantial, the evidence against Thompson was significant, including the corroborating testimony of two different victims, and Thompson's own statements from his letter. As the Court in *King*, "we are satisfied . . . the evidence was not so damaging to Appellant's case that it resulted in manifest injustice." *King*, 472 S.W.3d at 528.

Finally, Thompson argues the foregoing errors amount to cumulative error requiring reversal. Under the cumulative error doctrine, "multiple errors, although harmless individually, may be deemed reversible if their cumulative effect is to render the trial fundamentally unfair." *Brown v. Commonwealth*, 313

S.W.3d 577, 631 (Ky. 2010).  Here, there is "insufficient harmless error to create a cumulative effect which would mandate reversal for a new trial."  *Tamme v. Commonwealth*, 973 S.W.2d 13, 40 (Ky. 1998).

For the foregoing reasons, the Taylor Circuit Court's judgment is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Robert C. Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky