Robert COBB, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2002–SC–0406–MR.

Supreme Court of Kentucky.

May 22, 2003.

Misty Dugger, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for Appellant.

A.B. Chandler III, Attorney General of Kentucky, Perry T. Ryan, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Cobb of two counts of first-degree trafficking in a controlled substance, second offense. He was sentenced to a total of forty years in prison.

The questions presented are whether the verdict form used in the guilt phase was correct; whether the failure to instruct the jury on concurrent or consecutive sentences is palpable error; whether it was palpable error to instruct the jury to recommend a sentence within the enhanced penalty range without expressly finding Cobb guilty of being a subsequent offender; whether Cobb was entitled to a directed verdict; and whether the trial judge erred in not continuing the formal sentencing of Cobb.

Cobb was indicted on three counts of trafficking in a controlled substance, second offense, one count of possession of a controlled substance, and being a first-degree persistent felony offender. The morning of trial, the Commonwealth moved to sever the charges and only try two counts of the trafficking charges. Those two charges involved controlled drug buys made by a confidential informant being paid by the Fulton County Sheriff's Department. Defense counsel made no objection and the trial judge granted the motion.

At trial, the confidential informant testified about the two controlled drug buys made on different dates. In addition, the Sheriff and the deputy testified about the procedures used in both buys and the surveillance they conducted. Both drug buys were recorded on audio and videotape and played for the jury. However, the videotape ran out on the second drug buy before the entire transaction was completed. A KSP lab technician testified that the samples from the drug buys tested positive for cocaine.

Cobb offered no evidence in his defense. The jury convicted him of two counts of first-degree trafficking in a controlled substance, second offense. He was sentenced to twenty years on each of the charges, to run consecutively for a total of forty years in prison. This appeal followed.

I.   Guilt Phase Verdict Form

Cobb argues that the trial judge erred to his substantial prejudice and denied him due process of law by failing to provide the jury with a verdict form that allowed them to find him either guilty or not guilty of each of the separate charges

in the indictment. He concedes that this issue is not properly preserved for appellate review but seeks review pursuant to RCr 10.26.

The verdict form for the guilt phase of the trial read as follows:

### Verdict Form

We the jury, find the Defendant, Robert Cobb, NOT GUILTY

Foreperson

### OR

We, the Jury, find the Defendant, Robert Cobb, GUILTY under Instruction No. 1 of Trafficking in a Controlled Substance in the First Degree on May 18, 2001.

Foreperson

### AND/OR

We, the Jury, find the Defendant, Robert Cobb, Guilty under Instruction No. 2 of Trafficking in a Controlled Substance in the First Degree on June 1, 2001

Foreperson

This verdict form was erroneous. When a defendant is charged with multiple counts, the jury must receive an authorized verdict instruction and a verdict form that contains an authorized verdict of guilty or not guilty for each individual count. *See* 1 Cooper, *Kentucky Instructions to Juries* (Criminal) § 2.01C & § 2.09A (1999). However, considering all the circumstances including the overwhelming evidence of guilt, there was no manifest injustice and no palpable error.

## II. Concurrent/Consecutive Sentences

■ Cobb contends that the trial judge erred in violation of KRS 532.055(2) by prohibiting the jury from recommending whether the sentences should run concur-rent or consecutive. He admits that this issue is not properly preserved for appellate review but seeks review pursuant to RCr 10.26.

The error did not deprive Cobb of any constitutional right to a fair trial; it did not affect any substantive right and it did not result in a manifest injustice. There was no palpable error of any kind.

## III. Enhanced Penalty Instruction

■ Cobb also complains that he was sentenced to an illegally enhanced term of years because the jury was incorrectly instructed to recommend a sentence within the enhanced penalty range without expressly finding him guilty of being a subsequent offender. Once again, Cobb concedes that this issue was not properly preserved for appellate review but raises it pursuant to RCr 10.26.

During the penalty phase, the jury was given a one-page instruction and a one-page verdict form. The instruction page read as follows:

### INSTRUCTIONS TO THE JURY PENALTY PHASE

It is now your duty to determine punishment to be imposed upon the Defendant. You may consider the evidence presented to you during the first phase of the trial, as well as evidence presented to you during the second phase, in your deliberations.

KRS 218A.1412, Trafficking in a Controlled Substance in the First Degree, Second offense, a Class B Felony, you will fix the Defendant's punishment at confinement in the penitentiary for a term of not less than 10 years nor more than 20 years, in your discretion.

The verdict of the Jury must be unanimous and must be signed by one of you

as Foreperson. You must use the forms provided in writing your verdict.

The verdict form read as follows:

### Verdict Form

### Penalty Phase

We, the Jury, having found the Defendant, Robert Cobb, GUILTY under instruction No. 1 of Trafficking in a Controlled Substance in the First Degree, Second Offense, do set the Defendant's sentence at a term of confinement in the penitentiary for ____ years. _____

Foreperson

### AND

We, the Jury, having found the Defendant, Robert Cobb, GUILTY under Instruction No. 2 of Trafficking in a Controlled Substance in the First Degree, Second Offense, do set the Defendant's sentence at a term of confinement in the penitentiary for ____ years. _____

Foreperson

During the penalty phase, the circuit clerk read the prior felony convictions into the record. The evidence was not contested. However, the instruction set out above was inadequate because the jury made no finding of guilt regarding the prior offense enhancement. Considering all the circumstances, we believe the failure to properly instruct the jury in this situation was palpable error. On remand, we believe it would be helpful for the trial judge to follow the penalty phase instructions and form verdict set out in 1 Cooper, *Kentucky Instructions to Juries* (Criminal) § 12.21 and 12.24 (1999).

### IV. Directed Verdict

■ Cobb argues that the trial judge erred to his substantial prejudice and denied him state and federal due process of law by denying his motion for a directed verdict regarding the June 1, 2001, offense charged in Count II of the indictment. We disagree.

■ On a motion for a directed verdict, the trial judge must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991). If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. *Id.* The standard for appellate review of a denial of a motion for a directed verdict based on insufficient evidence is if under the evidence as a whole, it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal. *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983).

■ Here, the Commonwealth presented sufficient evidence to support the conviction of Cobb for trafficking in a controlled substance. A confidential informant testified about the controlled drug buy. The circumstances concerning his background were fully explored on cross-examination. Issues concerning the credibility of witnesses are within the province of the jury. *See Skimmerhorn v. Commonwealth*, Ky.App., 998 S.W.2d 771 (1998). The fact that the videotape ran out before the transaction was completed in the second drug buy did not preclude a conviction. The testimony of the confidential informant was sufficient. The trial judge properly denied the motion by Cobb for a directed verdict.

### V. Formal Sentencing

Finally, Cobb contends that the trial judge erred in not continuing the formal

sentencing when he questioned the integrity and completeness of the surveillance tape played to the jury, questioned his trial counsel's failure to view the tape prior to trial, and questioned why his trial counsel was not present at the sentencing proceeding. We disagree.

Although his original trial counsel did not represent him, Cobb was represented by counsel at the formal sentencing hearing. Cobb has other appropriate forms of relief available to him to pursue these issues and we will not address them at this time.

The conviction is affirmed but the sentence is reversed and this matter is remanded for a new sentencing hearing.

LAMBERT, C.J., COOPER, GRAVES, JOHNSTONE and KELLER, JJ., concur.

STUMBO, J. dissents and would reverse the guilt phase of this trial as well due to the improper guilt phase verdict form as well as the failure to instruct the jury to determine whether any sentences should run concurrently or consecutively.