Reginald MACK, Appellant,

v.

COMMONWEALTH OF KENTUCKY,
Appellee.

No. 2002–SC–0924–MR.

Supreme Court of Kentucky.

June 17, 2004.

Karen Maurer, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, Courtney J. Hightower, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

KELLER, Justice.

## I. INTRODUCTION

Appellant, Reginald Mack, was convicted by a Bell Circuit Court jury of First–Degree Robbery and received a sentence of twenty years.[1] He appeals to this Court as a matter of right [2] and contends that the trial court committed reversible error by failing to instruct the jury on the lesser-included offenses of Theft by Unlawful Taking Over $300.00 ("TBUT") and Fourth–Degree Assault. We disagree with Appellant's contention and affirm his conviction.

## II. BACKGROUND

In May 2002, Lillie May Evans, 71 years old, was shopping at Big Lots in Middlesboro, Kentucky. When she returned to her car, which was parked in the store's parking lot, she opened the door, climbed into the vehicle, and placed her purse on the passenger seat. Before she was able to close the car door, Appellant appeared in the open doorway and requested money

---

1. Appellant was also charged with Receiving Stolen Property Over $300 and with being a Second–Degree Persistent Felony Offender. The trial court directed a verdict of acquittal on the Receiving Stolen Property charge, and the jury found that Appellant was not a Persistent Felony Offender.

2. KY. CONST. § 110(2)(b).

from Evans, explaining that he needed gas for his car. Evans informed Appellant that she did not have any money. Appellant then reached across Evans, grabbed her purse from the passenger seat, and ran to his own car, also parked in the lot. Evans pursued Appellant and reached for her purse as he jumped in his car. Appellant slammed the door on Evans's hand. Appellant then opened the door and shoved Appellant away from the vehicle, knocking her to the ground, before driving away. Appellant, indeed, needed gas as his vehicle ran out of gas in close proximity to the store, and Appellant was apprehended on foot shortly thereafter. Evans's purse contained approximately one thousand ($1,000.00) dollars in cash. She suffered lacerations and bruising on her hands, as well as a broken finger, and a knot on her head.

In his statement to the police, Appellant admitted that he had taken the purse in order to obtain money for gas. Thus, the only point of contention at trial was whether Appellant used force against Evans in order to accomplish the theft. The jury was instructed on First and Second–Degree Robbery in the guilt phase of the trial and on Second–Degree Persistent Felony Offender in the penalty phase. The trial court denied Appellant's request for instructions on TBUT and Fourth–Degree Assault as lesser-included offenses of Robbery.

## III. ANALYSIS

Appellant contends that the trial court committed reversible error in failing to instruct the jury on TBUT and Fourth–

---

3. RCr 9.54(2).

4. *Roark v. Commonwealth*, Ky., 90 S.W.3d 24, 38 (2002).

5. *Caudill v. Commonwealth*, Ky., 120 S.W.3d 635, 668 (2003).

---

Degree Assault. Appellant preserved these claimed errors by fairly and adequately presenting his position to the trial court by offering instructions on these offenses.[3]

### A. TBUT

Although TBUT is a lesser-included offense of Robbery,[4] it is well-settled that "an instruction on a lesser included offense is required *only if*, considering the totality of the evidence, the jury might have a reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond a reasonable doubt that the defendant is guilty of the lesser offense."[5]

The Kentucky Penal Code defines First–Degree Robbery as follows:

A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:

(a) Causes physical injury to any person who is not a participant in the crime; or

(b) Is armed with a deadly weapon; or

(c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.[6]

And, under the Penal Code, a person commits Second–Degree Robbery "when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft."[7] Thus, "Robbery," regardless of whether First or Second–

---

6. KRS 515.020(1).

7. KRS 515.030.

Degree, "is the use or threat of immediate use of physical force upon another in the course of committing a theft with the intent to accomplish the theft." [8] "If the act is accompanied by an aggravating circumstance, [*i.e.*, physical injury to another person, a perpetrator armed with a deadly weapon, or a perpetrator who threatens the use of a dangerous instrument,] the offense is robbery in the first degree." [9]

The trial court instructed the jury on First and Second–Degree Robbery as follows:

### First–Degree Robbery

You will find the Defendant, Reginald Mack, guilty of First–Degree Robbery under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in Bell County, Kentucky, on or about the 27th day of March, 2002, and before the finding of the Indictment herein, he stole a purse from Lill[ie] Mae Evans;

B. That in the course of so doing and with the intent to accomplish the theft, he caused physical injury to Lill[ie] Mae Evans by pushing and/or shoving her to the ground.

### Second–Degree Robbery

If you do not find the Defendant guilty under Instruction No. 1, you will find the Defendant guilty of Second–Degree Robbery under this instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in Bell County, Kentucky, on or about the 27th day of March, 2002, and before the finding of the Indictment herein, he stole a purse from Lill[ie] Mae Evans;

B. That in the course of so doing and with the intent to accomplish the theft, he used physical force upon Lill[ie] Mae Evans by pushing and/or shoving her to the ground.

Appellant contends that his admitted use of force upon Evans was not used "in the course of [committing the theft of her purse] and with the intent to accomplish the theft" because "[i]t was not until after he had gained control over the purse that Ms. Evans then suffered an unintentional assault." We disagree with Appellant's contention because "a use or threat of force during escape from a completed or attempted theft will ... satisfy the requirement [of "in the course of committing theft"] and support a conviction." [10] And, in the present case, that is exactly what the jury found and what Appellant undisputedly did; he used force on Evans during his escape with her purse, and because it resulted in physical injury to her, Appel-

---

8. *Roark,* 90 S.W.3d at 38.

9. *Id.* (citation omitted).

10. ROBERT G. LAWSON & WILLIAM H. FORTUNE, KENTUCKY CRIMINAL LAW § 13–7(b)(2) (LEXIS, 1998). *Accord Williams v. Commonwealth,* Ky.App., 639 S.W.2d 786, 788 (1982) ("We construe the fair import of the term 'in the course of committing theft' to include the time, place and circumstances surrounding a theft or attempted theft. This encompasses the escape stage. We believe the fair import of the meaning of 'escape stage' to be all steps or events in the process of escape which would fall within the active or continuous pursuit of the criminal actor."); KRS 515.020, Official Commentary (Banks/Baldwin 1974) ("In several other ways, common law robbery was changed by the provisions of this chapter .... KRS 515.020 and 515.030 change this law by expanding robbery to include all situations involving the use of force 'in the course of committing theft.' As indicated above, this is intended to extend all the way from the attempt stage of theft through the escape stage.").

**438**

lant was guilty of First–Degree Robbery. We do not believe that the jury could have reasonably doubted Appellant's guilt of Robbery, and yet believe beyond a reasonable doubt that the defendant was guilty of TBUT. Accordingly, we hold that the trial court did not err in refusing to instruct on TBUT as a lesser-included offense of Robbery.

## B. FOURTH–DEGREE ASSAULT

■ Appellant contends that Fourth–Degree Assault is a lesser-included offense of First–Degree Robbery, and thus, the trial court committed reversible error when it refused to instruct on Fourth–Degree Assault. An offense is a lesser offense of a charged offense when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a lesser kind of culpability suffices to establish its commission; or

(d) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same

person, property or public interest suffices to establish its commission.[11]

Appellant claims that Fourth–Degree Assault was established by proof of the same or less than all of the facts required to establish the commission of the Robbery charge, and therefore, under section (a), it was a lesser-included offense of Robbery.

■ Section (a) codifies into Kentucky law the test set forth in *Blockburger v. United States*[12] for determining if a person may be convicted for more than one offense as a result of a single course of conduct, *i.e.*, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[13] In other words, "if 'each *statute* requires proof of an additional fact which the other does not,' the offenses are not the same under the *Blockburger* test."[14] Accordingly, in applying the *Blockburger* test, we must "focus[ ] on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial."[15] But before applying the *Blockburger* test to a multi-purpose criminal statute, the court "must construct from the alternative elements within the statute the particular formulation that applies to the case at hand."[16]

---

**11.** KRS 505.020(2).

**12.** *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See Hart v. Commonwealth*, Ky.App., 768 S.W.2d 552, 553 (1989) ("As our state's highest court observed in *Polk v. Commonwealth*, Ky., 679 S.W.2d 231 (1984), [section (a) ] simply codifies the rule laid down in *Blockburger* [.]").

**13.** *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182.

**14.** *Illinois v. Vitale*, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228, 235 (1980) (citation omitted) (emphasis in original). *Ac-*

*cord Colwell v. Commonwealth*, Ky., 37 S.W.3d 721, 726 (2000) ("Stated otherwise, if the lesser offense requires proof of a fact not required to prove the greater offense, then the lesser offense is not included in the greater offense, but is simply a separate, uncharged offense.").

**15.** *Vitale*, 447 U.S. at 416, 100 S.Ct. at 2265, 65 L.Ed.2d at 235.

**16.** *Pandelli v. U.S.*, 635 F.2d 533, 537 (6th Cir.1980).

It should rid the statute of alternative elements that do not apply. It must, in other words, treat a multi-purpose statute written in the alternative as it would treat separate statutes. The theory behind the analysis is that a criminal statute written in the alternative creates a separate offense for each alternative and should therefore be treated for double jeopardy purposes as separate statutes would. After this process of statutory reformulation is applied to the statutes in the case before it, a court then determines whether the two offenses in question should be characterized under *Blockburger* as distinct offenses authorizing cumulative sentences.[17]

Therefore, in the present case, the critical question is whether Robbery with the "physical injury" aggravator requires proof of an additional fact that Fourth–Degree Assault does not and vice versa.

A person commits Fourth–Degree Assault "when[ ](a) [h]e intentionally or wantonly causes physical injury to another person; or (b) [w]ith recklessness he causes physical injury to another person by means of a deadly weapon or a dangerous instrument."[18] Although both the First–Degree Robbery statute and the trial court's instructions in this case require proof of a theft, which is an additional fact not required for conviction of Fourth–Degree Assault, the Fourth–Degree Assault statute does not require proof of an additional fact not required for violation of the First–Degree Robbery statute as formulated for this case. This point is illustrated by a side-by-side comparison of the elements of the First–Degree Robbery statute as formulated for this case and the applicable elements of the Fourth–Degree Assault statute:

**First–Degree Robbery Statute**

(1) In the course of committing a theft

(2) Use physical force

(3) With *intent* to accomplish the theft

(4) Cause *physical injury* to a person not a robbery participant

**Fourth–Degree Assault Statute**

(1) *Intentionally or wantonly*

(2) Cause *physical injury* to another person

 Thus, from a review of the above comparison, it is clear that Fourth–Degree Assault was established by proof of less than all of the facts required to establish the commission of the First–Degree Robbery charge, and therefore, under KRS 505.020(2)(a), as Appellant contends, it was a lesser-included offense of First–Degree Robbery.[19] But, we disagree with Appel-

17. *Id.* (footnote omitted).

18. KRS 508.030.

19. *See O'Hara v. Commonwealth*, Ky., 781 S.W.2d 514, 515 (1989) ("The instructions required proof of the elements listed in K.R.S. 515.020(1)(a) or (c) for the conviction of first-degree robbery. These are the same elements charged and necessary for conviction of first-degree assault."); *Commonwealth v. Varney*, Ky., 690 S.W.2d 758, 759 (1985) ("As a gener-

al rule assault in the first degree is a lesser included offense of robbery in the first degree."); *Sherley v. Commonwealth*, Ky., 558 S.W.2d 615, 617 (1977) ("We are of the opinion that under pre-existing law a conviction on a charge of assault with intent to rob would preclude prosecution for the offense of striking and wounding with intent to kill and grand larceny since identical facts would be present in conviction for assault with intent to rob. By a parity of reasoning the facts used in the conviction for first-degree assault here

lant's contention that because Fourth–Degree Assault was a lesser-included offense, he was automatically entitled to an instruction on Fourth–Degree Assault. Appellant does not dispute that he stole Evans's purse, and the evidence is undisputed that Appellant's assault of Evans occurred during his escape from the theft of her purse. That is clearly robbery, not separate offenses of theft and assault as Appellant contends. We do not believe that the jury could have reasonably doubted Appellant's guilt of robbery, and yet believe beyond a reasonable doubt that he was guilty of Fourth–Degree Assault.[20] For this reason, the trial court did not err in refusing to instruct on Fourth–Degree Assault as a lesser-included offense.

## IV. CONCLUSION

For the above reasons, we affirm Appellant's conviction of First–Degree Robbery.

LAMBERT, C.J.; COOPER, GRAVES, JOHNSTONE and STUMBO, concur.

WINTERSHEIMER, J., concurs in result only.

---

resulted in the elevation of the robbery charge and conviction to first-degree robbery, an element of which is physical injury, the beating which took place here. We are of the opinion the elements of first-degree assault merged into the conviction of first-degree robbery and were not subject to a separate charge.'').

**20.** *Caudill v. Commonwealth,* Ky., 120 S.W.3d 635, 668 (2003).