RENDERED: MARCH 18, 2010
TO BE PUBLISHED

$\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$

2007-SC-000278-MR
2007-SC-000853-MR

DATE 4-8-10 Kelly Klaber D.C.

KELLY MARQUETTE STEWART                                        APPELLANT

|         | ON APPEAL FROM FAYETTE CIRCUIT COURT |
| :------ | :----------------------------------- |
| V.      | HONORABLE PAMELA R. GOODWINE, JUDGE  |
|         | NO. 06-CR-01658                      |

COMMONWEALTH OF KENTUCKY                                        APPELLEE

**OPINION OF THE COURT BY JUSTICE CUNNINGHAM**

**AFFIRMING IN PART AND VACATING IN PART**

On October 6, 2006, Sergeant Clay Combs of the Lexington Fayette County Metro Police Department pulled over a truck being driven by Appellant, Kelly Marquette Stewart, for improper traffic signals and failure to illuminate the license plate. When Combs asked to see Appellant's operator's license, Stewart presented a suspended driver's license in the name of Terry L. Jones. Combs arrested Stewart for driving on a suspended license and conducted a search of the truck incident to the arrest. Combs located a bag of cocaine, a bag of marijuana, and a small digital scale in the vehicle.

Stewart was taken to the Fayette County Detention Center where it was determined that, although he had presented another person's driver's license to

the officer, his own operator's license was valid. Accordingly, the charge of driving on a suspended license was dropped and he was rearrested on the charge of representing another's operator's license as his own. Prior to an intake search of Stewart's person, he expressly denied possessing any contraband. However, a small bag of crack cocaine was found in his right pant leg during the intake search.

Stewart was ultimately tried by a jury and found guilty of possession of a controlled substance (first degree)[1]; promoting contraband (first degree); possession of drug paraphernalia (second or subsequent offense); possession of marijuana; giving a police officer a false name; representing as one's own another's operator's license; improper signal; and failure to illuminate a license plate. Stewart was also found guilty of being a persistent felony offender in the first degree. The jury's recommended sentence of five years for the possession of a controlled substance charge was enhanced to twenty years by virtue of his persistent felon status. He now appeals the convictions as a matter of right. Ky. Const. § 110(2)(b).

## Double Jeopardy

Stewart first argues his convictions for both possession of a controlled substance and promoting contraband violate principles of double jeopardy. The issue was not preserved. This Court continues to consider appellate claims of double jeopardy despite inadequate preservation. *Clark v.*

---

[1] The Amended Final Judgment, entered April 6, 2007 in the Fayette Circuit Court, states that Appellant was found guilty of First-Degree Trafficking in a Controlled Substance; however, Appellant was found guilty of First-Degree Possession of a Controlled Substance under Jury Instruction No. 3.

*Commonwealth*, 267 S.W.3d 668, 674-75 (Ky. 2008). *See also Baker v. Commonwealth*, 922 S.W.2d 371, 374 (Ky. 1996).

"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932); KRS 505.020(2)(a). In applying the *Blockburger* test, the focus is on the proof necessary to prove the statutory elements of each offense rather than on the actual evidence which would be presented at trial. *Mack v. Commonwealth*, 136 S.W.3d 434, 438 (Ky. 2004).

Stewart was convicted of promoting contraband pursuant to KRS 520.050(1)(a): "A person is guilty of promoting contraband in the first degree when he knowingly introduces dangerous contraband into a detention facility or a penitentiary." He was also convicted of possession of cocaine pursuant to KRS 218A.1415(1): "A person is guilty of possession of a controlled substance in the first degree when he knowingly and unlawfully possesses . . . a narcotic drug."

Possession of a controlled substance does not require proof of an additional fact that promoting contraband does. Implicit in the requirement that the defendant "knowingly introduces" contraband is the defendant's possession of that contraband. "Promoting contraband in the first degree requires *possession* of dangerous contraband . . . ." *Tyler v. Commonwealth*, 805 S.W.2d 126, 127 (Ky. 1991). *See also Hampton v. Commonwealth*, 231

3

S.W.3d 740, 751 (Ky. 2007) (proof that defendant "knowingly possessed" contraband at time he was taken to jail considered circumstantial evidence that he "knowingly introduced" the contraband for purposes of KRS 520.050).

Nonetheless, the Commonwealth argues that no double jeopardy violation occurred in this case because the possession and promotion convictions were based on two separate quantities of cocaine. Indeed, the Commonwealth argued at trial that the charges were based on distinct quantities of cocaine, and each quantity was introduced as a separate exhibit. The larger bag of cocaine was found in Stewart's vehicle, while the smaller bag was found hidden in his pant leg following his arrest.

Continued possession of contraband is a single course of conduct that gives rise to a single offense. *See Fulcher v. Commonwealth,* 149 S.W.3d 363, 376 (Ky. 2004) (approving other jurisdictions' conclusion that "uninterrupted possession of the same contraband over a period of time is but one offense constituting a continuing course of conduct, precluding convictions of multiple offenses for possession of the same contraband on different dates"). *See also Henry v. Commonwealth,* 275 S.W.3d 194, 202 (Ky. 2008). However, KRS 505.020(1)(c) provides that separate convictions for possession may arise when the continued possession has been interrupted by the "legal process." "'Legal process' would include an arrest warrant, an indictment, or an arraignment." 149 S.W.3d at 377.

A quantity of cocaine was discovered in a small bag in the vehicle before Stewart arrived at the detention facility. A second quantity of cocaine was

4

ultimately found on his person following his arrest. His arrest constitutes "legal process" such as to interrupt his possession of cocaine; and his continued concealment of the second quantity once he arrived at the detention facility – and after specifically denying any additional contraband – constitutes a second, distinct offense. Accordingly, there was no double jeopardy violation.

### Sufficiency of the Evidence: Persistent Felony Offender Conviction

Stewart next argues that the evidence was insufficient to support his conviction of being a persistent felony offender in the first degree. He does not challenge the validity of his prior convictions, but merely the Commonwealth's explanation of one of the prior convictions to the jury. As part of its proof during the PFO stage of the trial, the Commonwealth's Attorney was permitted to read from court records. These records were introduced as exhibits, but not published to the jury, due to prejudicial information contained therein. In referring to the records, the Commonwealth's Attorney stated:

> "In case number 00-CR-369 of the Fayette Circuit Court [inaudible] the defendant Kelly M. Stewart charged with trafficking in a controlled substance and possession of drug paraphernalia first degree. Date of offense was December 28th of 1999. He was convicted on June 13th of 2000. He received a sentence of five years probated for five years."

Stewart argues this evidence was insufficient because the prosecutor did not expressly state that he was convicted of both charges, only that he was convicted on June 13, 2000. Stewart argues that it was unclear whether he was convicted of one or both of these charges.

This issue is not preserved for appellate review and we review the claim solely for palpable error. RCr 10.26; *Schoenbachler v. Commonwealth*, 95 S.W.3d 830, 836-37 (Ky. 2003).

> "[T]he standard of review required by the Due Process Clause with respect to the sufficiency of the evidence to support a criminal conviction . . . is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

*Potts v. Commonwealth*, 172 S.W.3d 345, 349 (Ky. 2005) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). Applying this standard, the evidence here is sufficient to establish the fact of Stewart's prior felony conviction for drug trafficking in 2000. When considered in context, the Commonwealth Attorney's remarks are reasonably understood to mean that Stewart was previously charged with trafficking in a controlled substance and possession of drug paraphernalia and was convicted of both offenses. The prior judgment, which was introduced as an exhibit, confirms this fact. It was not clearly unreasonable for the jury to find Stewart was convicted of trafficking in a controlled substance in 2000. Accordingly, there was no manifest injustice warranting reversal. RCr 10.26.

### *Validity of Possession of Drug Paraphernalia (Second Offense) Conviction*

Stewart's final allegation of error challenges the validity of his possession of drug paraphernalia (second offense) conviction and, like the preceding arguments, is unpreserved for appellate review. He first argues that there was insufficient evidence to support the conviction, again asserting that the

Commonwealth's verbal explanation of the prior conviction to the jury was inadequate. For the reasons set forth above, we conclude that the evidence, when taken in the light most favorable to the Commonwealth, was sufficient to support the conviction of possession of drug paraphernalia (second offense).

Stewart also attacks the jury instructions with respect to the possession of drug paraphernalia (second offense) conviction. He claims that the jury instructions were infirm in that they did not require the jury to make a specific finding of his intent or of his prior conviction. The guilt phase instruction regarding the possession of drug paraphernalia charge read, in pertinent part:

> You will find the Defendant, Kelly Stewart, guilty of Possession of Drug Paraphernalia under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> A. That in Fayette County on or about October 6, 2006 and within 12 months before the finding of the Indictment herein, he possessed a set of digital scales;
> AND
> B. That when he did so, he knew the digital scales would be used to measure or weigh cocaine.

There was no error in this instruction. Under the Commonwealth's theory of the case, KRS 218A.500(2) required the jury to believe that Stewart possessed the digital scales with the intent to use them "for the purpose of . . . processing, preparing, testing, analyzing, packaging, repackaging, [or] storing . . . a controlled substance." The phrase, "knew that the digital scales would be used to measure or weigh cocaine," sufficiently embodies the "possession with intent to use" requirement of the statute. We also note that this portion of the

instruction is virtually identical to the specimen instruction recommended by Cooper and Cetrulo, <u>Kentucky Instructions to Juries, Criminal</u> § 9.34B (5th ed. 2007). *See Mitchell v. Commonwealth*, 231 S.W.3d 809, 813 (Ky.App. 2007). Accordingly, there was no error in the guilt phase portion of the instruction.

The penalty phase instructions present a different problem. When a prior misdemeanor conviction is used to enhance a subsequent offense to a felony, as purportedly occurred here, the jury must make the finding with respect to the prior conviction during the penalty phase. *See Commonwealth v. Ramsey*, 920 S.W.2d 526, 528-29 (Ky. 1996) (construing DUI statutes). Here, however, the jury was never instructed to make a finding of guilt regarding Stewart's previous conviction for possession of drug paraphernalia. Rather, the penalty phase instructions simply required the jury to "fix the Defendant's punishment at confinement in the penitentiary for not less than one (1) year nor more than five (5) years, in your discretion." There was the element of the misdemeanor conviction missing from the instruction. Neither party asserts that a stipulation as to Stewart's prior conviction was agreed upon, and our review of the record reveals none.

While any error in jury instructions is presumptively prejudicial, we have likewise acknowledged that such errors are subject to harmless error analysis, though the Commonwealth bears the burden of this assertion. *Harp v. Commonwealth*, 266 S.W.3d 813, 818 (Ky. 2008). Here, the Commonwealth argues that the error was harmless because the uncontroverted evidence establishes that Stewart was previously convicted of possession of drug

8

paraphernalia in 2000. An erroneous jury instruction that omits an essential element of the offense is subject to the harmless error analysis. That test is whether it appears "beyond a reasonable doubt that the error . . . did not contribute to the verdict obtained." *Neder v. United States*, 527 U.S. 1, 2 (1999) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). However, harmless error analysis is inappropriate in this case because the error is unpreserved. As we explained in *Martin v. Commonwealth*, 207 S.W.3d 1, 5 (Ky. 2006): "[R]eviewing courts should endeavor to avoid mixing the concepts of palpable error and harmless error. One is not the opposite of the other." The proper inquiry, therefore, is whether the erroneous instruction at hand is a palpable error under RCr 10.26.

We have recently been beset by numerous cases posing questions concerning erroneous or defective jury instructions. More especially, we have attempted to create the proper standard in applying the harmless and/or palpable error analysis to these errant instructions.

In *Commonwealth v. McCombs*, No. 2007-SC-000127-DG, 2010 WL _____ (Ky., March 18, 2010), we deemed as harmless instructions wherein the trial court did not submit to the jury the question as to whether a crowbar was a dangerous instrument. In effect, the trial court held as a matter of law that it was a dangerous instrument. However, the elements given were consistent with the crime charged, i.e., that the burglary was committed with threat of, or while armed with, a crowbar.

9

We held differently, however, in the cases of *Carver v. Commonwealth*, No. 2007-SC-000428-MR, 2010 WL 274557 (Ky., January 21, 2010); and *Sanders v. Commonwealth*, No. 2008-SC-000118-MR, 2010 WL 254258 (Ky., January 21, 2010). *Carver* resulted in a conviction for first-degree persistent felony offender when one of the prior convictions in the instructions was, in fact, a misdemeanor. In *Sanders*, the jury instruction allowed the crime of possession of drug paraphernalia to be enhanced to a first-degree persistent felony conviction when the statute specifically prohibits such use. We held the instructions in those cases constituted palpable error because they allowed the jury to find the defendants guilty under instructions which, on their face, did not constitute the crimes charged.

We find this case falls more under the dictates of *Carver* and *Sanders*. An essential element of the defendant being convicted of a prior misdemeanor was missing from the instructions. With that missing element, under the penalty phase instructions given, Appellant could have only been found guilty of possession of drug paraphernalia (first offense) – a misdemeanor. *See Varble v. Commonwealth*, 125 S.W.3d 246 (Ky. 2004); *Cobb v. Commonwealth*, 105 S.W.3d 455 (Ky. 2003).

Therefore, with the exception herein noted, we affirm the underlying convictions and the judgment and sentence as to the first-degree persistent felony offender count, but vacate and remand the conviction for possession of drug paraphernalia (second offense), for further proceedings, if any, consistent with this opinion.

Minton, C.J.; Abramson, Noble, Schroder and Venters, JJ., concur.

Scott, J., concurs in part and dissents in part by separate opinion.

SCOTT, J., CONCURRING IN PART AND DISSENTING IN PART:

Although I concur on the other issues, I must respectfully dissent as to the harmfulness of the drug paraphernalia instruction. Because the evidence of Stewart's prior conviction of possession of drug paraphernalia is uncontroverted and uncontrovertable, I believe the Commonwealth has satisfied its burden of establishing that the instructional error was harmless. "In a case such as this one, where a defendant did not, and apparently could not, bring forth facts contesting the omitted element, answering the question whether the jury verdict would have been the same absent the error does not fundamentally undermine the purposes of the jury trial guarantee." *Neder v. U.S.*, 527 U.S. 1 (1999). As, I believe the trial court's failure to instruct the jury as to the element of Stewart's prior conviction was harmless, no manifest injustice requiring reversal occurred. RCr 10.26.

COUNSEL FOR APPELLANT:

Thomas More Ransdell
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, KY 40601


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General

Gregory C. Fuchs
Assistant Attorney General
Office of Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY 40601-8204