# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MAY 5, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2014-SC-000248-MR

DATE 5-26-16 Eliot Grout, D.C.

TIMOTHY HATTON                                                    APPELLANT

ON APPEAL FROM FAYETTE CIRCUIT COURT
V.          HONORABLE JAMES D. ISHMAEL, JR., JUDGE
NO. 13-CR-00070-002

COMMONWEALTH OF KENTUCKY                                          APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

The Appellant, Timothy Hatton, was convicted of first-degree robbery and sentenced to twenty years in prison. On appeal, he claims that the trial court erred in denying his motion for a directed verdict and in failing to instruct the jury on theft by unlawful taking as a lesser included offense. For the reasons explained below, this Court affirms.

### I. Background

On November 28, 2012, 79-year-old Betty Curtis and her daughter stopped at a Shell gas station in Lexington to buy lottery tickets. Her daughter waited in the car while Curtis entered the store. She got in line for the cash register behind Timothy Hatton, holding her wallet, which contained credit cards and about $375 in cash. Hatton turned around and grabbed the wallet. Curtis tried to hold on to the wallet and called out for help, but Hatton

succeeded in wresting it from her grasp. He ran from the store, and Curtis and two other customers who were waiting in line at the time, Anastassia Zikos and Alline Saylor, chased after him.

Outside, Hatton ran to a nearby parked car and got in on the passenger side. Curtis and Zikos arrived at the vehicle before the driver, Crystal Boggess, could pull away. They opened the driver-side door, and Curtis positioned herself in the open door, trying to pull Boggess from the car, while Zikos reached in from outside the door and tried to remove the keys from the ignition. Saylor tried to open the handle-less passenger-side door, but was unsuccessful. (Boggess had opened the door for Hatton from the inside.)

In the meantime, Curtis's daughter, having been roused by the commotion, drove her car in front of Hatton's to block its departure.

There is some dispute over what happened next, but it is undisputed that, in the midst of fending off Curtis's attempts to pull her from the vehicle through the open driver-side door, Boggess drove the car in reverse five to seven feet or so and backed into an air pump. The parties dispute whether Boggess did this on her own accord or at Hatton's directions.

In any event, in the process of backing up, the car's open door knocked Curtis to the ground and dragged her several feet. She sustained injuries to her head, neck, and torso, as a result.

After Boggess knocked Curtis down and backed into the air pump, she drove the car forward, striking Curtis's daughter's car before escaping the station. Surveillance cameras captured the entire episode on video.

Once he and Boggess were away, Hatton removed the cash from Curtis's wallet and threw the wallet out of the window of the fleeing car. They then abandoned the car in the parking lot of an apartment complex, where it was later found by police. After abandoning their car, they apparently used the stolen cash to buy heroin.

Hatton was eventually apprehended and prosecuted for robbery. At trial, the jury found him guilty of first-degree robbery, and the trial court sentenced him to twenty years in prison.[1] He now appeals to this Court as a matter of right. *See* Ky. Const. § 110(2)(b). Additional facts will be developed as needed in the discussion below.

## II. Analysis

### A. Hatton was not entitled to a directed verdict.

Hatton first claims that the trial court erred in failing to direct a verdict of acquittal on the first-degree robbery charge. He argues that there was no evidence that, in the course of stealing Curtis's wallet, he "cause[d] physical injury to any person who [wa]s not a participant in the crime," and thus cannot be guilty of first-degree robbery under KRS 515.020(1)(a).

When ruling on a motion for a directed verdict, a trial court "must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth." *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). It must "assume that the evidence for the Commonwealth is true, but reserv[e]

---

[1] Co-defendant Boggess, who testified at Hatton's trial, pleaded guilty to facilitation to first-degree robbery and first-degree criminal mischief and was ordered to undergo substance-abuse treatment.

to the jury questions as to the credibility and weight to be given such testimony." *Id.* A directed verdict should not be granted "[i]f the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty." *Id.* And only if the reviewing court determines "under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt," will a defendant be entitled to a directed verdict of acquittal on appeal. *Id.*

The basic robbery offense in Kentucky is second-degree robbery, a Class C felony. A person is guilty of that offense "when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft." KRS 515.030(1). The offense bumps up to first-degree robbery, a Class B felony, when it is accompanied by at least one of three aggravating circumstances, including where the robber "[c]auses physical injury to another person who is not a participant in the crime." KRS 515.020(1)(a).[2]

Hatton contends that he was entitled to a directed verdict because the evidence failed to demonstrate that he personally caused Curtis's injuries in the course of committing the theft of her wallet. He points out that the evidence irrefutably showed that it was the car's driver, Boggess, and not he who inflicted Curtis's injuries by backing up while the woman was inside the open driver-side door. Thus, he argues, it would have been clearly unreasonable for

---

[2] The other aggravators, which are not at issue in this case, are when the robber "[i]s armed with a deadly weapon," KRS 515.020(1)(b); or "[u]ses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime," KRS 515.020(1)(c).

4

a jury to find that he caused Curtis's physical injuries as required for a conviction of first-degree robbery.

First, it is clear that the injuries were inflicted as part of the overall robbery, even though they occurred after Hatton snatched Curtis's wallet and fled. The evidence here established that Hatton stole Curtis's wallet by wresting it away from her, thus committing a robbery, i.e., theft through the use of physical force. *See* KRS 515.010 (defining "physical force" as meaning "force used upon or directed toward the body of another person").

And the events that followed—Hatton's running from the store and entering the waiting car, Curtis's and the witnesses' pursuit and opening of the driver-side door to prevent his and his accomplice's escape, and Boggess's backing up and injuring the victim—all occurred in furtherance of that robbery and thus were part and parcel of the offense. What occurred in the immediate flight and escape from the robbery inside the store was an extension of the robbery, rather than a series of separate and distinct events subsequent to the robbery. *Cf. Mack v. Commonwealth*, 136 S.W.3d 434, 437 (Ky. 2004) (holding use of physical force to escape from a completed theft satisfies "in the course of committing theft" requirement). They were necessary for the robber and his accomplice to make their escape with the pilfered goods in their possession.

Second, even though Hatton was not the driver, he can nevertheless be viewed as having caused Curtis's injuries for purposes of a first-degree robbery conviction. This Court has held that "a mere division of labor between robbers in the commission of the crime does not preclude conviction of each as a principal." *Commonwealth v. Smith*, 5 S.W.3d 126, 129 (Ky. 1999). And, in an

5

unpublished case, we have addressed facts almost identical to those in this case. *See Johnson v. Commonwealth*, 2003-SC-0925-MR, 2005 WL 2045480, at *1 (Ky. Aug. 25, 2005). In that case, the defendant snatched a bag of prescriptions from the victim as she left a pharmacy and ran to a waiting car. The victim followed and was injured when she tried to get her prescriptions back and the driver of the car began to accelerate. The defendant argued, as does Hatton, that she could not be convicted of first-degree robbery as a principal because she did not personally cause the injury. We rejected this claim, applying *Smith*'s reasoning to uphold the conviction.

And we again reject this claim here. As we noted in *Smith*, "[t]o be liable, the accused need not to have ... actually participated in any ... act of force or violence; it is sufficient that he came and went with the robbers, was present when the robbery was committed, and acquiesced therein." 5 S.W.3d at 129 (emphasis omitted) (quoting 67 Am. Jur. 2d, *Robbery* § 9 (now § 13)). Hatton was the perpetrator of most of the robbery, and he was certainly present when Curtis was injured (and there is evidence that he commanded Boggess to drive when Curtis was still reaching into the car, which led to the injuries). Hatton's participation in the robbery that resulted in Curtis's injuries was thus sufficient to avoid a directed verdict on the count of first-degree robbery.

In sum, there was sufficient evidence for the jury to find Hatton guilty of first-degree robbery beyond a reasonable doubt. Accordingly, the trial court was correct to deny his request for a directed verdict.

6

## B. Hatton was not entitled to a jury instruction on the lesser offense of theft by unlawful taking.

Hatton next argues that the trial court erred in refusing to instruct the jury on theft by unlawful taking as a lesser included offense of robbery.

A trial court should give an instruction on a lesser included offense "if and only if on the given evidence a reasonable juror could entertain reasonable doubt of the defendant's guilt on the greater charge, but believe beyond a reasonable doubt that the defendant is guilty of the lesser offense." *Skinner v. Commonwealth*, 864 S.W.2d 290, 298 (Ky. 1993). In other words, "a court may refuse to give a lesser-included offense instruction only if 'there is no room for any possible theory except that he is guilty of the greater offense or he is innocent.'" *Oakes v. Commonwealth*, 320 S.W.3d 50, 58 (Ky. 2010) (brackets omitted) (quoting *Commonwealth v. Wolford*, 4 S.W.3d 534, 538–39 (Ky. 1999)).

Here, the jury was instructed on both first- and second-degree robbery. Robbery is ordinarily thought of as theft combined with an assault. That is, second-degree robbery is theft plus "us[ing] or threaten[ing] the immediate use of physical force" to accomplish the theft, KRS 515.030(1), while first-degree robbery is second-degree robbery plus one of the three aggravating factors, KRS 515.020(1)(a)–(c).[3] So Hatton would be entitled to a theft instruction only if the jury could reasonably conclude that he committed theft without any physical force, as the use or threat of force elevates the crime to at least

---

[3] As already noted, the only aggravating factor involved in this case is subsection (1)(a)'s physical-injury requirement.

7

second-degree robbery. *Compare* KRS 514.030(1)(a), *with* KRS 515.030(1) *and* KRS 515.020(1).

Hatton argues that because the Commonwealth bore the burden of proving beyond a reasonable doubt every element of robbery—again, theft plus physical force—and because the jury was free to disbelieve the proof on the physical-force element, he was entitled to an instruction for mere theft as well.

But, as the Commonwealth points out and the trial court correctly found below, the problem with this argument is that there was simply no evidence presented that the theft was accomplished without the use of some force. All of the evidence was that Hatton stole Curtis's wallet by physically wresting it away when she resisted his efforts to take it from her hands. By using physical force against Curtis to remove the wallet from her grasp, Hatton's theft became at least second-degree robbery. There was no evidence to the contrary, and it would not have been reasonable to draw any inference to the contrary, such as if the circumstances had been more of a pickpocket-type situation whereby the theft was accomplished without the victim's awareness.

"The jury is required to decide a criminal case on the evidence as presented or reasonably deducible therefrom, not on imaginary scenarios," and thus "a lesser-included offense instruction is available only when supported by the evidence." *White v. Commonwealth*, 178 S.W.3d 470, 491 (Ky. 2006). With Hatton having presented no evidence to support the theory that he accomplished the theft without using force, it was nothing more than an imaginary scenario that the jury could not have reasonably believed. It is worth reiterating what this Court previously explained in rejecting a similar claim: "If

8

a lesser-included offense instruction were necessary here, it would be necessary in every robbery case, as the ability of the jury to disregard uncontroverted evidence about the use of force, without a reasonable basis to do so, would turn any robbery into a theft." *Oakes*, 320 S.W.3d at 59.

Thus, the trial court was correct to deny Hatton's request for an instruction on the lesser included offense of theft by unlawful taking.

### C. The erroneous instruction on first-degree robbery was not palpable error.

Finally, although he did not expressly raise it as a separate claim of error, implicit in Hatton's arguments on the other two alleged errors is that the trial court erred in giving an instruction on first-degree robbery that failed to require the jury to find that he used or threatened the immediate use of physical force in committing the theft. While omitting this essential element from the instruction was undoubtedly erroneous, Hatton failed to object to the error in the trial court below,[4] and he is thus entitled only to palpable error review. *See Stewart v. Commonwealth*, 306 S.W.3d 502, 508 (Ky. 2010). Accordingly, we will reverse for this unpreserved error only if it resulted in "manifest injustice." RCr 10.26. "[T]he required showing is probability of a different result or error so fundamental as to threaten a defendant's

---

[4] Although Hatton's tendered instruction on first-degree robbery correctly included the physical-force element, defense counsel failed to object to the trial court's instructions when given the opportunity to do so (other than re-raising his request for an instruction on the lesser included offense of theft by unlawful taking, discussed above). Consequently, the error in the first-degree robbery instruction is unpreserved. *See Chumbler v. Commonwealth*, 905 S.W.2d 488, 499 (Ky. 1995) (holding issue of whether instruction was improper was not adequately preserved where, although defendant tendered alternative instructions, she did not make specific objection raising grounds on which she believed given instruction was improper).

entitlement to due process of law." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006).

We have little difficulty concluding the instructional error here does not amount to palpable error requiring reversal. As made clear in the discussion above, there was simply no evidence presented at trial to allow the jury to find that the theft was committed without the use of any physical force. And although the first-degree robbery instruction omitted the physical-force element, the instruction on the lesser, second-degree offense included it. So the jury was at least made aware of the requirement.

In the end, the jury clearly believed Hatton was guilty of the charged offense of robbery resulting in physical injury, and its failure to specifically find use of physical force under the instruction given—when there was no evidence to support finding in Hatton's favor on that element—does not change that fact. Simply put, there is no probability of a different result or risk that the error affected the fundamental fairness of the trial.

### III. Conclusion

For the reasons set forth above, the judgment of the Fayette Circuit Court is affirmed.

All sitting. All concur.

10

COUNSEL FOR APPELLANT:

Roy Alyette Durham II
Assistant Public Advocate
Department of Public Advocacy
5 Mill Creek Park, Suite 100
Frankfort, Kentucky 40601


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General

Todd Dryden Ferguson
Assistant Attorney General
Office of Criminal Appeals
Office of the Attorney General
1024 Capital Center Drive
Frankfort, Kentucky 40601-8204